# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARIANNE FINNIGAN,**

    **Plaintiff,**

v.                                               Case No. 8:06-CV-1140-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (Dkt. 10).

as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB payments on February 26, 2003, claiming an onset of disability beginning February 2, 2000, due to rheumatoid arthritis, fibromyalgia, migraines, colitis, and depression. (T 21-22) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision issued on February 6, 2006. (T 21) The ALJ found that Plaintiff was not eligible for SSI payments because she was not disabled at any time through the ALJ's decision. (T 27) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 4-6) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits after exhausting all administrative remedies. The Commissioner's decision is ripe for review under the Act.

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

At the time of the October 6, 2005 administrative hearing, Plaintiff was fifty-four years old with a college education. (T 40)  She has also completed courses in sign language. (Id.) Her past work experience includes work as an interpreter for the deaf. (T 41)  Plaintiff asserts that a combination of impairments, including rheumatoid arthritis, fibromyalgia, migraines, colitis, and depression, have rendered her unable to work since February 2, 2000.

To determine if Plaintiff was disabled, the ALJ performed a five-step evaluation.  First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (T 22)  Second, while Plaintiff's ailments, including ulcerative colitis, fibromyalgia, status post resection of benign thyroid nodule, mitral valve prolapse, mild bilateral carpal tunnel syndrome, cervical spasm, rheumatoid arthritis, migraine headaches, degenerative disc disease, lumbar spine, degenerative joint disease, right knee, Sjogren's syndrome, hypertension, minimal hearing loss, and possible myasthenia gravis, were "severe," the ALJ determined that they did not meet or medically equal to those listed in the Listing of Impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T 24)  Third, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") for a restricted range of light work.[4] (T 26)  Fourth, based upon Plaintiff's RFC, the ALJ found that she can perform her past relevant work as an interpreter for the deaf. (T 27)  Because the ALJ found that Plaintiff could perform her past relevant work, she did not make findings

---

[3] Light work, defined at 20 C.F.R. § 404.1567(b), "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

as to the fifth step; however, a Vocational Expert ("VE") testified at the October 6, 2005 administrative hearing that Plaintiff could also work as a security monitor and an information clerk, jobs that are available in significant numbers in the local economy. (T 49-51) Accordingly, the ALJ found that Plaintiff was not disabled at any time through the date of her decision and denied Plaintiff's claim for DIB payments under the Act. (T 26)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff argues that the ALJ erred by: (1) finding the Plaintiff had severe impairments but not enumerating what limitations resulted from these impairments; (2) failing to properly analyze and make findings regarding Plaintiff's alleged symptoms from ulcerated colitis and/or the side effects from her medications; and (3) finding that Plaintiff had the ability to perform her past work as a deaf interpreter.

**A.** Plaintiff claims that the ALJ erred by finding that Plaintiff had the severe impairments of mild carpal tunnel syndrome, migraines, fibromyalgia, and rheumatoid arthritis, and then not enumerating what limitations resulted from these impairments. Specifically, Plaintiff argues that the ALJ should have discussed why she found these impairments to be severe and whether Plaintiff's resulting limitations would preclude her from being able to perform her past relevant work (Dkt. 18 at 10).

At step two of the five-step evaluation process of social security claims, the ALJ determines whether a claimant has a "severe impairment" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii). This step "acts as a filter," and the finding of any severe impairment or any combination of

impairments that together qualify as severe at this step allows the ALJ to continue the disability analysis. Jamison v. Bowen, 814 F.2d at 588.

An impairment is non-severe under the Act "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

Regarding Plaintiff's impairments, the ALJ found:

> The medical evidence indicates that the claimant has ulcerative colitis, *fibromyalgia*, status post resection of benign thyroid nodule, mitral valve prolapse (MVP), *mild bilateral carpal tunnel syndrome*, cervical spasm, *rheumatoid arthritis*, *migraine headaches*, degenerative disc disease, lumbar spine, degenerative joint disease, right knee, Sjogren's syndrome, hypertension, minimal hearing loss, and possible myasthenia gravis, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination of one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

(T 24) (emphasis added)

The ALJ then found that Plaintiff had the RFC to perform a restricted range of light work. (T 26) Specifically, the ALJ found that Plaintiff could lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently, and sit for six, stand and/or walk six-to-eight hours in an eight-hour workday. (Id.) She could occasionally climb, balance, stoop, kneel, and crawl but should have no concentrated exposure to heat and cold. (Id.)

The ALJ appropriately evaluated the restrictions imposed by Plaintiff's severe impairments in determining the RFC. Additionally, the ALJ properly considered all of Plaintiff's symptoms,

including her mild carpal tunnel syndrome, migraines, fibromyalgia, and rheumatoid arthritis, in determining if Plaintiff could perform her past relevant work. See Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (finding that the ALJ sufficiently discussed the cumulative effects of the claimant's impairments when the ALJ stated, "the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment', but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). The ALJ's RFC assessment accurately reflects the functional limitations imposed by the Plaintiff's severe impairments. See 20 C.F.R. § 404.1545(a) (ALJ's RFC must be "based on all relevant evidence"). No more is required at steps two and three of the sequential review process. Thus, this issue is without merit.

**B.** Plaintiff next claims that the Commissioner erred by failing to properly analyze and make findings regarding her alleged symptoms from ulcerated colitis and/or the side effects from her medications (Dkt. 18 at 10). Specifically, Plaintiff alleges that she suffers from symptoms of diarrhea, purportedly due to medication side effects,[5] and that her medications impact her memory and concentration. Plaintiff contests the ALJ's finding that Plaintiff's testimony regarding these impairments was not entirely credible (Id. at 11).

Because the ALJ hearing is not an adversarial proceeding, the ALJ has an obligation to develop a full and fair record. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In discharging the duty to fully develop the record, the ALJ must investigate the possible side effects of medications. McDevitt v. Comm'r. of Soc. Sec., No. 07-10766, 2007 WL 2050910, * 4 (11th Cir. July 18, 2007) (finding that the ALJ erred in failing to make a finding regarding the side effects of

---

[4] Although Plaintiff originally testified that her diarrhea was caused by her medications, she now states that it could also be a side effect of her ulcerative colitis (T 43; Dkt. 18 at 11).

6

Plaintiff's medication where Plaintiff testified about the side effects of medication and the record evidence revealed prior complaints of side effects to doctors). The side effects of medications can potentially render a claimant disabled or at least contribute to her disability. Cowart, 662 F.2d at 737.

In evaluating complaints of pain and other subjective symptoms, there must be "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). If the ALJ chooses to discredit subjective testimony based on the claimant's failure to meet its burden, the ALJ must articulate adequate reasons for doing so. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

In the present case, the ALJ properly assessed the extent to which the claimed side effects of Plaintiff's medications – both her diarrhea and alleged impairments of memory and concentration – affect her ability to work. In weighing Plaintiff's subjective testimony against her medical records, the ALJ noted, "[s]ide effects of [Plaintiff's] medications include dizziness, fatigue, nausea, dry eyes, sweating, mood changes, nervous tremors, frequent urination and *diarrhea*." (T 25) (emphasis added) Moreover, the ALJ made specific findings with respect to Plaintiff's mental limitations, noting that she was in the high average range of intellectual functioning, her thought processes were logical and clear, her mood was normal, she had never been hospitalized for psychiatric treatment, and she had not been referred to a psychiatrist or psychologist for treatment. (T 24) As a result, the ALJ concluded that Plaintiff's depression was not severe and that "[Plaintiff] had no mental impairment that would have prevented her from meeting the intellectual and emotional demands of competitive work activity." (Id.)

7

In arriving at these conclusions, the ALJ found that Plaintiff's allegations regarding her symptoms were not consistent with the evidence of record and, therefore, not credible to the extent she alleged. (T 25) Specifically, the ALJ found that Plaintiff's testimony failed to "establish pain of such persistence and severity to preclude all gainful employment." (Id.) In evaluating Plaintiff's testimony in light of the entire record, the ALJ noted that Plaintiff leads a very active lifestyle: on July 19, 2000, Plaintiff's treating physician Carmen Mohai, M.D. ("Dr. Mohai") noted that she walked about an hour at a time five days a week; and on February 21, 2001, Dr. Mohai noted that Plaintiff exercised daily for up to 50 minutes by walking or riding a bicycle. (Id.; T 335, 351) The ALJ found that these records, in addition to others attesting to Plaintiff's stable condition, were inconsistent with Plaintiff's testimony concerning her symptoms. (T 25, 27)

The ALJ properly afforded minimal weight to Plaintiff's testimony regarding the side effects of her medications because it was inconsistent with the evidence of record. The ALJ outlined these deficiencies in detail, casting doubt upon Plaintiff's testimony based on explicit references to Plaintiff's medical records, as well as her daily activities. (T 25) Moreover, Plaintiff cites to no evidence that she reported her problems with memory and concentration to her physician.[3] Instead, Plaintiff cites to medical literature reporting diarrhea and memory difficulty as common side effects of Topomax, Plaintiff's migraine medication (Dkt. 18, Ex. 2). This is insufficient. See McDevitt, 2007 WL 2050910, at * 4. There is a notable absence in the medical records of any complaints made by Plaintiff concerning memory loss and concentration problems. Thus, under the circumstances,

---

[3] In 2000, Plaintiff discussed her diarrhea with Azzam Muftah, M.D. ("Dr. Muftah"), who ordered a colonoscopy and opined that Plaintiff had acute proctitis likely to be ulcerative colitis. (T 154) Plaintiff also complained of diarrhea to Dr. Mohai. (T 351) Plaintiff was not taking Topamax at either of these times. Further, Plaintiff testified at the administrative hearing that she suffered from constipation as a result of her ulcerative colitis. (T 47)

the failure of the ALJ to inquire further into possible side effects does not warrant a remand. See French v. Massanari, 152 F.Supp.2d 1329, 1338 (M.D. Fla. 2001) (the ALJ did not err by filing to inquire further into possible side effects of medicine when no record evidence supported Plaintiff's testimony).

The ALJ's decision regarding the possible side effects of Plaintiff's medication and the credibility of her testimony on the topic is based on substantial evidence. Even if there was some evidence in the record that might support Plaintiff's subjective complaints of pain, Plaintiff failed to carry her burden in proving disability. See Wilson, 284 F.3d at 1227-28.

Accordingly, the ALJ did not err when she found that Plaintiff's testimony regarding the side effects of her medication was not totally credible.

**C.** Finally, Plaintiff maintains that the Commissioner erred by finding that Plaintiff had the ability to perform her past work as an interpreter (Dkt. 18 at 13). Plaintiff suggests that if this court ordered a remand and a finding were made that Plaintiff cannot finger and handle frequently, then Plaintiff could not perform her past work as an interpreter for the deaf. Plaintiff also claims that if it were found on remand that Plaintiff has headaches, intermittent diarrhea, constipation, and memory and concentration problems, she would likewise be unable to perform her past work. Plaintiff's argument is speculative. A remand is not warranted in this case. Thus, issue three does not entitle Plaintiff to relief.

**III.**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner is therefore **AFFIRMED**.

Accordingly and upon consideration, it is **ORDERED** that:

9

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, each party to bear its own costs and expenses; and

(2) the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September, 2007.

*/s/ Elizabeth A. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

10